## WEINER v. McMAHON.

### No. 813.

Municipal Court of Appeals for the District of Columbia.

Argued June 1, 1949.

Decided June 20, 1949.

S. Gilbert Silverman, Washington, D. C., with whom Morris Neidorf, Washington, D. C., was on the brief, for petitioner.

James T. Barbour, Jr., Washington, D. C., with whom Joseph M. Dawson, Washington, D. C., was on the brief, for respondent.

Ruffin A. Brantley, Assistant General Counsel, Washington, D. C., with whom Ernest F. Williams, General Counsel, Washington, D. C., was on the brief, for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This petition involves the maximum rent ceiling on an apartment owned by petitioner and rented to respondent. The appeal is brought here pursuant to Section 9 of the District of Columbia Emergency Rent Act. Code 1940, Supp. VI, § 45—1609(a), as amended.

The present proceedings were commenced when petitioner filed with the Rent Administrator a "petition for maximum rent ceiling on housing accommodations in premises previously rented."[1] In this petition a maximum rent ceiling of $110 per month was requested based upon the representation that while the housing accommodations in question had been previously rented they had later been so changed in structure, facilities and services as to constitute new housing accommodations.[2] After a hearing the rent control examiner made findings of fact to the effect that the maximum rent ceiling had theretofore been determined at $50 a month, that such rent ceiling was determined on the basis of "the rent and service generally prevailing for comparable housing accommodations" as required by

---

[1] Code 1940, Supp. VI, § 45—1604(b), as amended.

[2] Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844.

Section 2(1) (c) of the Act,[3] and that various services had been added and operating expenses had been increased, sufficient to form a basis for adjustment of the maximum rent ceiling. The examiner thereupon recommended an adjusted rent ceiling of $65 a month. After review by the Administrator, he affirmed such new maximum rent ceiling.

While the appeal before us purports to have been brought to review the order of the Rent Administrator, it is stated in the petition for review that "the petitioner does not seek review of the $65 rent ceiling, effective February 7, 1949." The same statement was repeated in petitioner's brief. In the petition and brief as well as in oral argument it was made clear that the purpose of the appeal was to have us set aside the finding of fact of the examiner that the rent ceiling for the apartment had previously been fixed at $50 a month and that petitioner was satisfied with the new rent ceiling of $65 a month.[4]

The reason for this anomalous proceeding is that petitioner, as landlord of the premises in question, has brought suit in the Landlord and Tenant Branch of the Municipal Court seeking possession of the apartment on the ground (1) that the tenant had become in arrears in his rent and (2) that the landlord desired possession for his personal use and occupancy.[5] In that suit the tenant filed a counterclaim for a rent overcharge under the Rent Act[6] based upon the allegation that the maximum rent ceiling was $50 a month and that the landlord had charged $95 a month for one period and $65 a month for another. The Municipal Court gave judgment to the landlord for possession and for rent owing and also gave judgment for the tenant on the alleged rent overcharge. An appeal from the judgment for the landlord has been taken and is now awaiting argument in this court.[7]

We have concluded that the present appeal must be dismissed. The order of the Rent Administrator fixing the $50 rent ceiling was made under Section 2(1) (c) of the Rent Act, and such orders are not appealable.[8] Furthermore, a finding of fact is not an appealable order. The status of the $50 ceiling in the landlord and tenant case must await consideration of the appeal in that case.

Appeal dismissed.

---

[3] Code 1940, Supp. VI, § 45—1602(1) (c).

[4] During argument counsel for petitioner moved orally to amend his petition so as to include an appeal from the entire order, but we are convinced that such motion came too late.

[5] Code 1940, Supp. VI, § 45—1605(b) (2).

[6] Code 1940, Supp. VI, § 45—1610(a).

[7] See McMahon v. Weiner, D.C.Mun. App. 67 A.2d 682.

[8] Sager v. Stamps, D.C.Mun.App., 38 A.2d 113. Cf. Sager v. Parker, D.C. Mun.App., 55 A.2d 349, aff'd Parker v. Sager, D.C.Cir.1949, 174 F.2d 657.